02CV 270 RHK/SRN

RECEIVED
BY MAIL
AUG 01 2005
CLERK US DIST COURT
MINNEAPOLIS MN

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 04-3141

| | | |
|---|---|---|
| United States of America, ex rel. Toni Lee, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Fairview Health System, | * | |
| | * | |
| Appellee. | * | |

Submitted: May 13, 2005
Filed: July 6, 2005

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

WOLLMAN, Circuit Judge.

*Qui tam* relator Toni Lee appeals from the district court's[1] decision denying leave to amend her complaint. We affirm.

**I.**

In January 2002, Lee brought a *qui tam* False Claims Act suit against Fairview Health System. Lee, who had previously worked as a physical therapist at various

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

SCANNED
AUG 01 2005
U.S. DISTRICT COURT MPLS

Fairview facilities, alleged that Fairview had submitted a number of false Medicare and Medicaid claims by incorrectly billing services provided by athletic trainers and massage therapists as physical therapy services, improperly supervising physical therapy assistants, and wrongly allowing athletic trainers to perform duties that could only be performed by physical therapists and physical therapy assistants. Fairview later moved to dismiss the complaint for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6).

Lee did not oppose the dismissal of most of her claims. She did, however, contest the dismissal of her claim that Fairview had improperly allowed athletic trainers to perform physical therapist and physical therapy assistant duties. She also requested that, if the district court granted Fairview's motion to dismiss, she be allowed to amend her complaint. She reiterated this request at oral argument on Fairview's motion.

The district court granted Fairview's motion to dismiss and thus disposed of Lee's remaining claim, holding that, under Minnesota law, "athletic trainers could provide physical therapy services when working under the direct supervision of a physical therapist." D. Ct. Order of July 22, 2004, at 12. In addition, the district court denied Lee's motion for leave to amend as futile on the ground that "[n]o set of facts [could] rehabilitate Lee's fatally flawed interpretation of Minnesota law." Id. at 12 n.9. Although Lee does not appeal the dismissal of her claim, she does assert error in the district court's denial of her motion for leave to amend.

## II.

"We review the district court's decision to deny leave to amend a complaint for abuse of discretion." Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005). Although leave to amend "shall be freely given when justice so requires," see Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend. Meehan v. United Consumers Club

Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002) (citation omitted). Futility is a valid basis for denying leave to amend. Moses.com, 406 F.3d at 1065.

Lee argues that the district court abused its discretion by denying her motion for leave to amend as futile because she could have amended the complaint to include an allegation that Fairview's athletic trainers were not properly supervised and, accordingly, that Fairview's Medicare and Medicaid claims were falsely made. Lee first requested leave to amend in her opposition to Fairview's motion to dismiss so that she could "cure any deficiencies" the district court might have found in her complaint. In neither her pleading nor at oral argument on Fairview's motion, however, did she detail the substance of her amendment or delineate which new claims she would assert. Furthermore, she failed to submit a copy of her amended pleading—which would have notified the district court of the content of her amended claims—as required by the District of Minnesota's Local Rule 15.1. Finally, Lee's counsel stated at oral argument on Fairview's motion that supervision issues were "irrelevant" to her claims. D. Ct. Order of July 22, 2004, at 12.

Given Lee's failure to communicate the substance of her proposed amendments, we hold that the district court did not abuse its discretion in denying Lee's request for leave to amend. See Dudek v. Prudential Securities, Inc., 295 F.3d 875, 880 (8th Cir. 2002) (finding no abuse of discretion when plaintiff failed to submit proposed amended pleading and failed to describe substance of amended claims). See also Meehan, 312 F.3d at 914 ("[T]he district court was not required to engage in a guessing game."); Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999) ("[P]arties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim."). When confronted with Lee's motion, the district court was justified in assuming—as it apparently did—that Lee's amendments would concern the claims already included in her complaint. Lee does not dispute that amendments to those claims would indeed be futile.

The judgment is affirmed.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans